IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WRS, INC., d/b/a WRS MOTION PICTURE LABORATORIES, a corporation, <br><br> Plaintiff, <br><br> v. <br><br> PLAZA ENTERTAINMENT, INC., a corporation, ERIC PARKINSON, CHARLES von BERNUTH and JOHN HERKLOTZ, <br><br> Defendants. | Civil Action No. 00-2041 |

**MEMORANDUM**

**I. Introduction**

Plaintiff, WRS, Inc., has filed a motion pursuant to Fed.R.Civ.P. 54(b), seeking certification, *nunc pro tunc,* that the judgment entered against Defendant John Herklotz by order dated February 20, 2007 is final. For reasons set forth below, the motion will be granted.

**II. Background**

Defendant Plaza Entertainment, Inc. ("Plaza Entertainment") was a California corporation with a principal place of business in Los Angeles, California.[1] Plaza Entertainment engaged in the commercial exploitation of films and videos through rights

---

[1] Based on the briefs and evidentiary material submitted in support of, and in opposition to, various motions pending in this case, it appears that Plaza Entertainment is no longer a viable business entity.

1

granted by the owners of the films and videos. Defendants Eric Parkinson, Charles von Bernuth and John Herklotz (individually, "Parkinson," "von Bernuth" and "Herklotz") were the principals of Plaza Entertainment. Plaintiff, WRS, Inc. ("WRS"), is a Pennsylvania corporation with a principal place of business in Pittsburgh, Pennsylvania. WRS provides, among other things, duplication services for film and video distributors.

Beginning in 1996, WRS provided film and video duplication services for Plaza Entertainment. By April 1998, WRS had performed substantial duplication services for Plaza Entertainment for which it had not been fully paid. On April 29, 1998, Plaza Entertainment submitted an order to WRS for duplication of a video entitled "The Giant of Thunder Mountain," requesting the duplication services on a credit basis. WRS, however, was unwilling to extend additional credit to Plaza Entertainment unless it paid its past due balance or submitted a credit application, provided additional collateral and provided a personal guaranty of Plaza Entertainment's obligations from Herklotz who was the producer of "The Giant of Thunder Mountain" video. Pursuant to Plaza Entertainment's request, Herklotz executed a guaranty agreement on May 6, 1998.

As of August 31, 1998, WRS was carrying a significant receivable amount on Plaza Entertainment's account. In order to induce WRS to continue providing duplication services, despite

2

its failure to make timely payments, on October 12, 1998, Plaza Entertainment entered into a Services Agreement with WRS pursuant to which WRS agreed to provide administrative services to Plaza Entertainment, including generation of sales invoices, collection of accounts receivable, general accounting, record keeping and inventory monitoring.[2]

Under the Services Agreement, payments on Plaza Entertainment's accounts receivable were to be sent to a lockbox for distribution by WRS as set forth in the agreement. To compensate WRS for its performance of administrative services for Plaza Entertainment, the Services Agreement provided for a monthly payment of $5,000. The Services Agreement also provided WRS with a security interest in certain collateral of Plaza Entertainment, as well as the personal guaranties of Plaza Entertainment's obligations to WRS by Parkinson and von Bernuth.

### III. Procedural History[3]

On October 13, 2000, Thomas E. Reilly, Esquire, filed this diversity action on behalf of WRS, and the case was assigned to the Honorable William L. Standish. WRS's claim against Herklotz, which was set forth in Count II of the complaint, was based on

---

[2]According to the Services Agreement, as of August 31, 1998, Plaza Entertainment owed WRS the sum of $685,379.88.

[3]The procedural history of this case is lengthy and complex. The Court's summation will be limited to the procedural history that is relevant to WRS's Rule 54(b) motion.

the personal guaranty of Plaza Entertainment's obligations to WRS that he executed on May 6, 1998.[4] On December 8, 2000, Herklotz, who was represented by John P. Sieminski, Esquire, filed an answer to WRS's complaint and a crossclaim against Plaza Entertainment for indemnification in the event he was held liable for any portion of Plaza Entertainment's debt to WRS and crossclaims against Parkinson and von Bernuth for indemnity/ contribution, breach of fiduciary duty and misrepresentation.

On August 24, 2001, WRS commenced a voluntary Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Pennsylvania. On December 13, 2001, Attorney Reilly filed a motion for leave to withdraw his appearance in this case because the Bankruptcy Court had not approved his continued representation of WRS,[5] and he was

---

[4]In its complaint, WRS sought damages from Plaza Entertainment for breach of contract (Count I) and damages from Parkinson, von Bernuth and Herklotz based on their respective guaranty agreements (Count II). In addition, WRS sought foreclosure of its security interest in Plaza Entertainment's assets (Count III); an injunction to prevent Plaza Entertainment from transferring assets in which WRS held a security interest (Count IV); a declaratory judgment concerning WRS's right to exploit the assets of Plaza Entertainment upon foreclosure (Count V); and an accounting with respect to transactions involving the assets of Plaza Entertainment in which WRS held a security interest (Count VI). Since the filing of the complaint, WRS has abandoned the claims for equitable relief set forth in Counts III through VI of the complaint.

[5]Under 11 U.S.C. § 327, a Chapter 11 debtor must have approval from the bankruptcy court to hire professionals, including attorneys.

4

unwilling to continue representing WRS on a contingent fee basis because the National Bank of Canada held a security interest in WRS's accounts receivable, including the account receivable from Plaza Entertainment.

Two case management conferences were held by Judge Standish in connection with Attorney Reilly's motion for leave to withdraw his appearance for WRS. Following the second conference, which was held on February 13, 2002, Judge Standish permitted Attorney Reilly to withdraw his appearance based on the Bankruptcy Court's failure to appoint him as special counsel to pursue this action on behalf of WRS, and the following order was entered:

ORDER

AND NOW, this 14th day of February, 2002, it is hereby ORDERED as follows:

1. Plaintiff, WRS, Inc., d/b/a WRS Motion Picture Laboratories, is in bankruptcy and is not represented by counsel in the above-captioned action. It appears that no further action may be taken by the court at this time. The Clerk shall accordingly mark the above-captioned case closed. Nothing contained in this order shall be considered a dismissal or disposition of this action, and should further proceedings therein become necessary or desirable, any party may initiate the same in the same manner as if this order had not been entered.

2. In the event that counsel does not enter an appearance for plaintiff on or before March 15, 2002, the above-captioned action will be dismissed without prejudice.

William L. Standish
United States District Judge

No appearance of counsel was entered on behalf of WRS before March 15, 2002, and no further action was taken in the case until

5

August 20, 2003, when Attorney Reilly filed a motion on behalf of WRS to reopen the case. In the motion, Attorney Reilly indicated that he had filed an application in the Bankruptcy Court to be appointed special counsel for WRS to pursue this action on July 25, 2003, and he asked Judge Standish to vacate the February 14, 2002 order dismissing the case based on WRS's desire to prosecute the action.

On September 9, 2003, Herklotz filed a response to WRS's motion to reopen the case, arguing that the motion should be denied because WRS's claims were barred by the statute of limitations. On September 15, 2003, Judge Standish entered an order denying WRS's motion to reopen the case based on his belief that the case had been dismissed due to the failure of counsel to enter an appearance on WRS's behalf by March 15, 2002 in accordance with the second paragraph of his February 14, 2002 order. Judge Standish's September 15, 2003 order stated that WRS would have to file a new civil action if it wished to pursue the claims that had been asserted against the Defendants in this case.

On September 22, 2003, WRS filed a motion for reconsideration of Judge Standish's denial of its motion to reopen the case. On the same day, WRS commenced a new civil action against the Defendants asserting the same claims that had been asserted in this case. The new case, which was docketed as

Civil Action No. 03-1398, also was assigned to Judge Standish. On September 23, 2003, Judge Standish denied WRS's motion for reconsideration of the order denying its motion to reopen this case, and WRS filed a timely appeal to the United States Court of Appeals for the Third Circuit.

On December 19, 2003, Herklotz filed a motion to dismiss in Civil Action No. 03-1398 under Fed.R.Civ.P. 12(b)(6), asserting that WRS's claim against him based on the guaranty agreement executed on May 6, 1998 was barred by the statute of limitations. The motion to dismiss was denied by Judge Standish on January 5, 2005, and, on February 4, 2005, Herklotz filed an answer to WRS's complaint in Civil Action No. 03-1398 which included the crossclaims against Plaza Entertainment, Parkinson and von Bernuth that had been asserted in this case.[6]

---

[6]The Court notes that the answers filed on behalf of Plaza Entertainment, Parkinson and von Bernuth in Civil Action No. 03-1398 differed in several respects from the answers filed by these Defendants in this case. Specifically, the answer filed on von Bernuth's behalf by John W. Gibson, Esquire in Civil Action No. 03-1398 asserted a crossclaim (erroneously designated a counterclaim) against Plaza Entertainment which was not asserted in the answer filed by Attorney Gibson on von Bernuth's behalf in this case, and the answer filed on behalf of Plaza Entertainment and Parkinson by Attorney Gibson in Civil Action No. 03-1398 asserted counterclaims against WRS for copyright infringement and an accounting, while the *pro se* answer filed by Parkinson in this case did not assert any counterclaims and the answer filed on Plaza Entertainment's behalf in this case by its prior counsel asserted counterclaims for breach of contract and unjust enrichment.

7

On April 4, 2005, the Third Circuit filed an opinion dismissing WRS's appeal in this case for lack of jurisdiction, noting that the parties and Judge Standish were proceeding on the assumption that this case had been dismissed pursuant to Judge Standish's February 14, 2002 order due to the failure of counsel to enter an appearance on WRS's behalf by March 15, 2002. The Third Circuit noted further that, although this assumption was not unreasonable, it was erroneous because a separate order dismissing the case was required under Rule 58 of the Federal Rules of Civil Procedure.[7] Based on Judge Standish's failure to enter a separate order, the Third Circuit concluded that the closure of the case had been administrative in nature and that Judge Standish had retained jurisdiction over the case. Due to the absence of a final order, the Third Circuit held that it lacked jurisdiction to hear WRS's appeal, and the matter was remanded to Judge Standish for further consideration of WRS's motion to reopen the case.

On May 23, 2005, Judge Standish met with counsel to discuss the Third Circuit's decision and a briefing schedule was entered. Subsequently, on July 29, 2005, Judge Standish issued a decision granting WRS's motion to reopen this case and an order was

---

[7]Under Fed.R.Civ.P. 58, every judgment and amended judgment must be set forth on a separate document with the exception of orders disposing of certain enumerated motions which are not relevant here.

8

entered consolidating Civil Action No. 03-1398 with this case and closing the latter case.[8]

On August 1, 2005, Judge Standish entered an order directing the completion of discovery by December 9, 2005, and scheduling a final pretrial conference for April 3, 2006. On February 24, 2006, Herklotz filed a motion for summary judgment or, alternatively, for partial summary judgment on the issue of his liability to WRS. Due to the illness of Judge Standish, this member of the Court scheduled a settlement conference for March 9, 2006.[9] In an effort to move the case forward, the following agreements were reached during the March 9th conference: (1) counsel for WRS agreed to file a cross-motion for summary judgment on the issue of Herklotz's liability; (2) counsel for von Bernuth agreed to file a motion for summary judgment on the issue of von Bernuth's liability to WRS; and (3) counsel for WRS, von Bernuth and Herklotz agreed to share equally the cost of an

---

[8]As a result of the consolidation, after July 29, 2005, the following claims were pending in this case: (a) WRS's claims against the Defendants; (b) the counterclaims of Plaza Entertainment and Parkinson against WRS; (c) the crossclaim of von Bernuth against Plaza Entertainment; and (d) the crossclaims of Herklotz against Plaza Entertainment, Parkinson and von Bernuth.

[9]On January 18, 2007, the case was reassigned to this member of the Court for all further proceedings.

9

accountant to review WRS's records and evaluate its claim for damages.[10]

On March 23, 2006, WRS filed its cross-motion for summary judgment with respect to the issue of Herklotz's liability based on his personal guaranty of Plaza Entertainment's obligations to WRS, and the motion was granted on July 21, 2006.[11] On September 26, 2006, Herklotz moved, pursuant to 28 U.S.C. § 1404(a), to transfer venue of this case to the United States District Court for the Central District of California.[12] At the time, the issue

---

[10]Attorney Reilly attended the conference on behalf of WRS; Attorney Gibson attended the conference on behalf of Plaza Entertainment, Parkinson and von Bernuth; and Attorney Sieminski attended the conference on behalf of Herklotz. With respect to his representation of Plaza Entertainment and Parkinson, Attorney Gibson informed the Court during the conference that he intended to withdraw his appearance for these Defendants due to non-payment. Thereafter, Attorney Gibson ceased representing the interests of Plaza Entertainment and Parkinson in this case; however, he never withdrew his appearance for these Defendants.

[11]Despite agreeing to do so during the March 9th conference, Attorney Gibson failed to file a motion for summary judgment on the issue of liability on von Bernuth's behalf. He also failed on von Bernuth's behalf to participate in the retention of the accountant to review WRS's records and evaluate its claim for damages. Thus, the accountant was retained by WRS and Herklotz.

[12]In support of the motion to transfer venue, Herklotz asserted that he was a California resident; that he was 82 years old; that he had traveled to Pittsburgh on a number of occasions to attend to matters associated with this case; that it had become much more difficult for him to travel due to deteriorating health; that the other Defendants were California residents; that Parkinson and von Bernuth had never traveled to Pittsburgh to attend to matters pertaining to this case; that he intended to call Parkinson and von Bernuth as witnesses in their individual and corporate capacities at trial; that it was unrealistic to believe that Parkinson, von Bernuth or a representative of Plaza

of the damages recoverable by WRS from Herklotz remained unresolved, as well as the crossclaims asserted by Herklotz against Plaza Entertainment, Parkinson and von Bernuth for indemnity/contribution, breach of fiduciary duty and misrepresentation.

While Herklotz's motion to transfer venue was pending, WRS moved for summary judgment against Herklotz on the issue of damages.[13] The motion was granted on February 20, 2007, and judgment in the amount of $2,584,749.03 was entered in favor of WRS and against Herklotz.[14] On February 20, 2007, the Court also

---

Entertainment would attend a trial in Pittsburgh; and that he intended to call two California residents as witnesses at trial and they were beyond the subpoena power of this Court.

[13]In support of its motion for summary judgment against Herklotz on damages, WRS relied on (a) an affidavit of its President, (b) business records and (c) a copy of a report prepared by Schneider Downs, the accounting firm which had been retained following the March 9, 2006 settlement conference to review WRS's business records and evaluate its claim for damages.

[14]In opposition to WRS's motion for summary judgment on damages, Herklotz argued that (a) the unreliability of WRS's records precluded its claim for damages; (b) Schneider Downs' review of WRS's records was flawed; and (c) in the event WRS was entitled to recover damages based on his personal guaranty of Plaza Entertainment's obligations, the amount of damages should be reduced due to WRS's failure to mitigate damages. With respect to the alleged unreliability of WRS's records, the Court concluded that Herklotz failed to present evidence showing that there was a genuine issue of fact as required by Fed.R.Civ.P. 56(e). As to alleged flaws in Schneider Downs' review of WRS's records, the Court concluded that Herklotz misconstrued the scope of the review which Schneider Downs was retained to perform, as well as WRS's position regarding the weight to be given to the report prepared by Schneider Downs. Finally, in connection with WRS's alleged failure to mitigate damages, the Court concluded,

11

granted WRS's motion for default judgments against Plaza Entertainment, Parkinson and von Bernuth based on their failure to take any action in this litigation following the March 9, 2006 conference with the Court.[15]

Believing that the only remaining claims in the case to be adjudicated were the crossclaims asserted by Herklotz against Plaza Entertainment, Parkinson and von Bernuth for indemnity/contribution, breach of fiduciary duty and misrepresentation, the Court directed counsel for WRS and Herklotz to appear at a conference on February 27, 2007 to discuss Herklotz's pending motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Following the conference, the Court entered an order (1) granting an oral motion by Attorney Sieminski to sever Herklotz's crossclaims against Plaza Entertainment, Parkinson and von

---

among other things, that Herklotz had waived this affirmative defense.

[15]On March 31, 2006, Plaza Entertainment and Parkinson were ordered to show cause by April 7, 2006, why default should not be entered against them for failure to defend. Based on their failure to respond to the show cause order, on April 10, 2006, the Court directed the Clerk to enter defaults against Plaza Entertainment and Parkinson pursuant to Fed.R.Civ.P. 55(a). On April 12, 2006, von Bernuth was ordered to show cause by April 25, 2006, why default should not be entered against him for failure to defend. Due to von Bernuth's failure to respond to the show cause order, on April 28, 2006, the Court directed the Clerk to enter default against him pursuant to Fed.R.Civ.P. 55(a). Despite his continued appearance for Plaza Entertainment, Parkinson and von Bernuth, Attorney Gibson never informed these Defendants of the show cause orders or the entry of the defaults and the default judgments.

12

Bernuth from the other claims asserted in the case, and (2) granting Herklotz's motion to transfer venue to the United States District Court for the Central District of California with respect to the crossclaims. Based on a reasonable belief that the judgment entered against him was a final judgment, on March 8, 2007, Herklotz filed a Notice of Appeal to the Third Circuit.

On October 16, 2007, James R. Walker, Esquire filed a motion on von Bernuth's behalf for relief from the default judgment under Fed.R.Civ.P. 60(b), based on the failure of Attorney Gibson to diligently represent von Bernuth in this case.[16] The issue of the finality of the judgment from which Herklotz has appealed was raised by Attorney Walker in the brief filed in support of von Bernuth's Rule 60(b) motion. Specifically, in footnote 1 of the brief, Attorney Walker states:

> "It is actually unclear that any final order exists in this matter. No judgment has been entered pursuant to Rule 58. Furthermore, unless a determination of finality is made under Rule 54(b), any order, "however designated," which disposes of less than all claims and all parties is not a final judgment for purposes of appeal. This Court did not make a Rule 54(b) [determination] with respect to any of its rulings. A number of claims, counterclaims and cross-claims have not been resolved, including but not limited to those transferred to California pursuant to 28 U.S.C. § 1404(a). For these reasons, Mr. von Bernuth does not believe that any final order exists but for reasons explained below the Court

---

[16]On January 25, 2008, Plaza Entertainment and Parkinson also filed motions for relief from the default judgments under Fed.R.Civ.P. 60(b), based on the inadequate representation provided by Attorney Gibson.

13

can and should grant relief from the von Bernuth judgment, either on reconsideration thereof or under Rule 60."[17]

The next day, the Court entered an order setting a briefing schedule and expressly directing counsel for WRS and von Bernuth to address the Court's jurisdiction to entertain the Rule 60(b) motion in light of Herklotz's pending appeal.[18]

To eliminate any question concerning the finality of the judgment entered against Herklotz and the Third Circuit's jurisdiction to consider his pending appeal, on November 2, 2007, WRS filed the motion under Fed.R.Civ.P. 54(b),[19] seeking

---

[17]See Document No. 151, p. 5 n.1.

[18]On October 26, 2007, Attorney Walker filed a motion in the Herklotz appeal seeking a remand of the case to allow this Court to consider von Bernuth's Rule 60(b) motion. In the event the Third Circuit was not inclined to remand the case until after this Court indicated a willingness to grant von Bernuth's Rule 60(b) motion, Attorney Walker requested a stay of the appeal until this Court either denied von Bernuth's Rule 60(b) motion or indicated its intention to grant the motion. See Venen v. Sweet, 758 F.2d 117, 123 (3d Cir.1985)("Most Courts of Appeal hold that while an appeal is pending, a district court, without permission of the appellate court, has the power both to entertain and deny a Rule 60(b) motion. If a district court is inclined to grant the motion or intends to grant the motion, those courts also hold, it should certify its inclination or intention to the appellate court which can then entertain a motion to remand the case. Once remanded, the district court will have the power to grant the motion, but not before.").

[19]Rule 54(b) of the Federal Rules of Civil Procedure provides:

**Rule 54. Judgments; Costs**

\* \* \*

**(b) Judgment Upon Multiple Claims or Involving Multiple**

14

certification, *nunc pro tunc,* that the entry of judgment as to Herklotz is final.[20]

## IV. Discussion

Based on the Court's failure to file a separate order specifically entering judgment in favor of WRS and against Herklotz pursuant to Fed.R.Civ.P. 58, it appears that the judgment is not final. Therefore, unless the judgment against

---

**Parties**. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such a determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[20]On December 11, 2007, the Third Circuit entered an order staying Herklotz's appeal for this Court's consideration of von Bernuth's Rule 60(b) motion. Following certification of WRS's judgment against Herklotz as final under Fed.R.Civ.P. 54(b), it is anticipated that the Third Circuit will lift the stay and that the appeal will move forward. Certification of the judgment against Herklotz as final under Fed.R.Civ.P. 54(b) also will eliminate any limitation on the Court's consideration of the Rule 60(b) motions that have been filed by Plaza Entertainment, Parkinson and von Bernuth.

Herklotz is certified as final under Fed.R.Civ.P. 54(b), his appeal of the Court's summary judgment orders is premature.[21]

In support of the Rule 54(b) motion, WRS contends that (a) its claim against Herklotz was limited to Herklotz's liability for the debt of Plaza Entertainment to WRS under a guaranty agreement executed solely by Herklotz; (b) its claim against Herklotz, which was resolved by summary judgment, was fully litigated; and (c) the February 20, 2007 order entering judgment against Herklotz was separate and distinct from the February 20, 2007 order entering default judgments against Plaza Entertainment, Parkinson and von Bernuth. Based on these contentions, WRS seeks an express determination that there is no just reason for delay and an express direction for entry of final judgment as to Herklotz under Fed.R.Civ.P. 54(b).[22]

In <u>Curtiss-Wright Corp. v. General Electric Co.</u>, 446 U.S. 1 (1980), the Supreme Court discussed the factors that a district

---

[21]The filing of Herklotz's appeal does not preclude the Court from considering WRS's Rule 54(b) motion. *See* <u>Good v. Ohio Edison Co.</u>, 104 F.3d 93 (6th Cir.1997)(Premature notice of appeal ripens upon entry of proper certification pursuant to Rule 54(b) allowing district court to enter final judgment with respect to fewer than all claims or all parties).

[22]Due to the current procedural posture of this case which, admittedly, is very complex, and because he believed the orders from which he appealed were final under 28 U.S.C. § 1291, Herklotz takes no position with respect to whether the *nunc pro tunc* certification sought by WRS is necessary. (Document No. 168, p. 4).

16

court must take into consideration when ruling on a motion under Fed.R.Civ.P. 54(b), stating in relevant part:

* * *

    Nearly a quarter of a century ago, in <u>Sears, Roebuck & Co. v. Mackey</u>, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956), this Court outlined the steps to be followed in making determinations under Rule 54(b). A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." 351 U.S., at 436, 76 S.Ct., at 900.

    Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." *Id.*, at 435, 76 S.Ct., at 899. It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. *Ibid.* This discretion is to be exercised "in the interest of sound judicial administration." *Id.*, at 437, 76 S.Ct., at 900.

    Thus, in deciding whether there are no just reasons to delay the appeal of an individual final judgment in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." *Id.*, at 438, 76 S.Ct., at 901. It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. (footnote omitted).

* * *

446 U.S., at 7-8.

17

With respect to the issue of finality, WRS's claim against Herklotz based on his separate personal guaranty of Plaza Entertainment's obligations to WRS is a cognizable claim for relief, and the judgment against Herklotz is final in the sense that it completely resolves the only claim asserted by WRS against Herklotz. See Sussex Drug Products v. Kanasco, Ltd., 920 F.2d 1150, 1153 (3d Cir.1990), citing, Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988)("Finality is defined by the requirements of 28 U.S.C. § 1291, which are generally described as ending 'the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment.'"). Thus, the first step enunciated by the Supreme Court in Curtiss-Wright for determining whether to certify a judgment as final under Fed.R.Civ.P. 54(b) is satisfied.

Turning to the second step enunciated by the Supreme Court in Curtiss-Wright, the Court concludes that there are no just reasons for delay in certifying the judgment against Herklotz as final under Fed.R.Civ.P. 54(b). As to judicial administrative interests, i.e., the possibility of piecemeal appeals, WRS's claim against Herklotz is based on a personal guaranty executed solely by Herklotz on May 6, 1998. This claim is separate and distinct from WRS's claims against the other Defendants which are based on the Services Agreement between WRS and Plaza

Entertainment that was executed on October 12, 1998.[23] As a result, this is not a case in which disposition of the various claims should be reviewed as a single unit.

Finally, the equities involved in this case weigh heavily in favor of certifying the judgment against Herklotz as final under Fed.R.Civ.P. 54(b). Herklotz has been defending against WRS's claim based on his May 6, 1998 personal guaranty of Plaza Entertainment's obligations for over seven years. A substantial judgment has been entered against Herklotz as a result of the personal guaranty, and he is now in his 80's and his health is deteriorating. If the judgment against Herklotz is not certified as final and he is precluded from obtaining appellate review until all of the claims in the case are resolved, it is very likely that Herklotz will be compelled to suffer yet another lengthy delay in bringing his litigation with WRS to an end. Under the circumstances, WRS's Rule 54(b) motion will be granted.

Arthur J. Schwab
United States District Judge

Date: February 8, 2008

---

[23]Herklotz was not a signatory to the Services Agreement.

19