IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WRS, INC., d/b/a WRS MOTION )
PICTURE LABORATORIES, a )
corporation, )
                         )
        Plaintiff, )
                         )
        v. ) Civil Action No. 00-2041
                         )
PLAZA ENTERTAINMENT, INC., a )
corporation, ERIC PARKINSON, )
CHARLES von BERNUTH and JOHN )
HERKLOTZ, )
                         )
        Defendants. )

## MEMORANDUM

### I. Introduction

Defendants Plaza Entertainment, Inc., Eric Parkinson and

Charles von Bernuth have filed motions under Fed.R.Civ.P. 60(b)

seeking relief from the default judgments entered against them on

February 20, 2007.  For the reasons set forth below, the Rule

60(b) motions will be granted.

### II. Background

Defendant Plaza Entertainment, Inc. ("Plaza Entertainment")

was a California corporation with a principal place of business

in Los Angeles, California.[1]  Plaza Entertainment engaged in the

commercial exploitation of films and videos through rights

---

[1]Based on the briefs and evidentiary material submitted in
support of, and in opposition to, the Rule 60(b) motions, it
appears that Plaza Entertainment is no longer a viable business
entity.

1

granted by the owners of the films and videos. Defendants Eric Parkinson, Charles von Bernuth and John Herklotz (individually, "Parkinson," "von Bernuth" and "Herklotz") were the Chief Executive Officer, Chief Operating Officer and Chairman of the Board, respectively, of Plaza Entertainment. Plaintiff, WRS, Inc. ("WRS"), is a Pennsylvania corporation with a principal place of business in Pittsburgh, Pennsylvania. At all relevant times, WRS provided duplication services for film and video distributors.

Beginning in 1996, WRS provided film and video duplication services for Plaza Entertainment. By April 1998, WRS had performed substantial duplication services for Plaza Entertainment for which it had not been fully paid. On April 29, 1998, Plaza Entertainment submitted an order to WRS for duplication of a video entitled "The Giant of Thunder Mountain," requesting the duplication services on a credit basis. WRS was unwilling to extend additional credit to Plaza Entertainment unless it paid its past due balance or submitted a credit application, provided additional collateral and provided a personal guaranty of Plaza Entertainment's obligations from Herklotz who was the producer of "The Giant of Thunder Mountain" video. As a result, Herklotz executed a guaranty agreement on May 6, 1998, and, on July 24, 1998, a credit application was submitted to WRS on Plaza Entertainment's behalf by Parkinson.

2

As of August 31, 1998, WRS continued to carry a significant receivable amount on Plaza Entertainment's account. In order to induce WRS to continue providing duplication services, despite its failure to make timely payments, on October 12, 1998, Plaza Entertainment entered into a Services Agreement with WRS pursuant to which WRS agreed to provide administrative services to Plaza Entertainment, including generation of sales invoices, collection of accounts receivable, general accounting, record keeping and inventory monitoring.[2]

Under the Services Agreement, payments on Plaza Entertainment's accounts receivable were to be sent to a lockbox for distribution by WRS as set forth in the agreement.  To compensate WRS for its performance of administrative services for Plaza Entertainment, the Services Agreement provided for a monthly payment of $5,000.  The Services Agreement also provided WRS with a security interest in certain collateral of Plaza Entertainment, as well as personal guaranties of Plaza Entertainment's obligations to WRS by Parkinson and von Bernuth.

---

[2]According to the Services Agreement, as of August 31, 1998, Plaza Entertainment owed WRS the sum of $685,379.88.

## III. Procedural History

On October 13, 2000, Thomas E. Reilly, Esquire, filed this
diversity action on behalf of WRS, and the case was assigned to
this member of the Court. WRS's claims against Plaza
Entertainment, Parkinson and von Bernuth were based on the
Services Agreement executed on October 12, 1998, and its claim
against Herklotz was based on the personal guaranty of Plaza
Entertainment's obligations to WRS that he executed on May 6,
1998.[3]

On December 8, 2000, Herklotz filed a timely answer to
WRS's complaint which included crossclaims against Plaza
Entertainment, Parkinson and von Bernuth.[4]  On December 19, 2000,
WRS filed a motion for default judgment against Plaza

---

[3]In its complaint, WRS sought damages from Plaza
Entertainment for breach of contract (Count I) and damages from
Parkinson, von Bernuth and Herklotz for breach of their
respective guaranty agreements (Count II). In addition, WRS
sought foreclosure of its security interest in Plaza
Entertainment's assets (Count III); an injunction to prevent
Plaza Entertainment from transferring assets in which WRS held a
security interest (Count IV); a declaratory judgment concerning
WRS's right to exploit the assets of Plaza Entertainment upon
foreclosure (Count V); and an accounting with respect to
transactions involving the assets of Plaza Entertainment in which
WRS held a security interest (Count VI). Since the filing of its
complaint, WRS has abandoned the claims for equitable relief set
forth in Counts III through VI of the complaint.

[4]Herklotz filed a crossclaim against Plaza Entertainment for
indemnity in the event he was held liable for any obligation of
Plaza Entertainment to WRS and crossclaims against Parkinson and
von Bernuth for indemnity/contribution, breach of fiduciary duty
and misrepresentation.

4

Entertainment and Parkinson based on their failure to plead or otherwise defend this action. On December 22, 2000, von Bernuth filed a timely answer to WRS's complaint.

A hearing was scheduled on WRS's motion for default judgments against Plaza Entertainment and Parkinson for February 2, 2001. On the day before the scheduled hearing, Parkinson sent a fax to the Court indicating, among other things, that he and Plaza Entertainment were prepared to file answers to WRS's complaint. Based on Parkinson's representations in the fax and the discovery that defaults had not been entered against Plaza Entertainment and Parkinson by the Clerk of the Court in accordance with Fed.R.Civ.P. 55(a), the hearing on WRS's motion for default judgments was canceled.

On February 5, 2001, Parkinson filed an answer to WRS's complaint on his own behalf. On February 20, 2001, an initial case management conference was scheduled for April 2, 2001. In the order scheduling the conference, the Court noted that although Parkinson had the right to represent himself in this litigation, he could not represent Plaza Entertainment because he is not a lawyer. On March 30, 2001, WRS requested entry of default against Plaza Entertainment for failure to file an answer or otherwise defend this action, and default was entered against Plaza Entertainment by the Clerk of the Court the same day.

5

At the case management conference on April 2, 2001, Fred W. Freitag, IV, Esquire appeared on behalf of Plaza Entertainment and Parkinson and indicated that Plaza Entertainment wished to file an answer to WRS's complaint. As a result, Attorney Freitag was directed by the Court to enter his appearance in the case and file a motion under Fed.R.Civ.P. 55(c) to set aside the default that had been entered against Plaza Entertainment.

On April 24, 2001, Attorney Freitag entered his appearance for Plaza Entertainment and Parkinson and filed a motion to set aside the default against Plaza Entertainment. Due to the failure of the motion to set forth facts showing that Plaza Entertainment had a meritorious defense to WRS's claims, the motion was denied on May 11, 2001. The denial, however, was without prejudice to Plaza Entertainment's right to renew the motion by May 28, 2001 with a verified statement setting forth facts which supported a meritorious defense to WRS's claims.

On May 29, 2001, Attorney Freitag filed a motion to set aside the default against Plaza Entertainment under Fed.R.Civ.P. 55(c). In support of the motion, Attorney Freitag attached an affidavit of Parkinson and a copy of Plaza Entertainment's proposed answer and counterclaims against WRS.[5]  The motion to

---

[5]Plaza Entertainment's first counterclaim was captioned "Damages" and was based on the alleged failure of WRS to make payments to Plaza Entertainment in accordance with the Services Agreement, and its second counterclaim was for "Unjust Enrichment" based on a claim that WRS billed Plaza Entertainment

6

set aside the default against Plaza Entertainment was granted on
July 31, 2001.  Among other things, the Court found that Plaza
Entertainment had proffered facts establishing a potentially
meritorious defense.

On August 24, 2001, WRS commenced a voluntary Chapter 11
bankruptcy proceeding in the United States Bankruptcy Court for
the Western District of Pennsylvania.  On December 13, 2001,
Attorney Reilly filed a motion for leave to withdraw his
appearance for WRS in this case because the Bankruptcy Court had
not approved his continued representation of WRS,[6] and he was
unwilling to continue representing WRS on a contingent fee basis
because the National Bank of Canada held a security interest in
WRS's accounts receivable, including the account receivable from
Plaza Entertainment.

Two case management conferences were held in connection with
Attorney Reilly's motion for leave to withdraw his appearance for
WRS.  Following the second conference which was held on February
13, 2002, Attorney Reilly was permitted to withdraw his
appearance based on the Bankruptcy Court's failure to appoint him

---

for its services at "a substantial premium over readily available
market prices."

[6]Under 11 U.S.C. § 327, a Chapter 11 debtor must have
approval from the bankruptcy court to hire professionals,
including attorneys.

as special counsel to pursue this action on behalf of WRS, and
the following order was entered:

ORDER

AND NOW, this 14th day of February, 2002, it is hereby
ORDERED as follows:

1. Plaintiff, WRS, Inc., d/b/a WRS Motion Picture
Laboratories, is in bankruptcy and is not represented by
counsel in the above-captioned action.  It appears that no
further action may be taken by the court at this time.  The
Clerk shall accordingly mark the above-captioned case
closed.  Nothing contained in this order shall be considered
a dismissal or disposition of this action, and should
further proceedings therein become necessary or desirable,
any party may initiate the same in the same manner as if
this order had not been entered.

2. In the event that counsel does not enter an
appearance for plaintiff on or before March 15, 2002, the
above-captioned action will be dismissed without prejudice.

William L. Standish
United States District Judge

No appearance of counsel was entered on behalf of WRS before
March 15, 2002, and no further action was taken in the case until
August 20, 2003, when Attorney Reilly filed a motion on behalf of
WRS to reopen the case.  In the motion, Attorney Reilly indicated
that he had filed an application in the Bankruptcy Court to be
appointed special counsel for WRS to pursue this action on July
25, 2003, and he requested the Court to vacate the February 14,
2002 order dismissing the case based on WRS's desire to prosecute
the action.

On September 9, 2003, John P. Sieminski, Esquire on behalf
of Herklotz filed a response to WRS's motion to reopen the case,

8

arguing that the motion should be denied because WRS's claims were barred by the statute of limitations.  On September 12, 2003, Attorney Freitag filed a motion to withdraw the appearance he had entered on behalf of Plaza Entertainment and Parkinson based on their failure to respond to the copy of WRS's motion to reopen the case which Attorney Freitag had forwarded to them, and their failure to provide Attorney Freitag with a retainer fee as requested which rendered further representation of these Defendants an undue hardship for Attorney Freitag.  John W. Gibson, Esquire, who had represented von Bernuth since the commencement of this action, did not file a response to WRS's motion to reopen the case on von Bernuth's behalf.

On September 15, 2003, the Court entered an order denying WRS's motion to reopen the case based on the belief that the case had been dismissed due to the failure of counsel to enter an appearance on WRS's behalf by March 15, 2002 in accordance with the second paragraph of the Court's February 14, 2002 order.  The September 15, 2003 order stated that WRS must file a new civil action if it wished to pursue the claims that had been asserted against the Defendants in this case.  In light of the denial of WRS's motion to reopen the case, a second order was entered on September 15, 2003, dismissing Attorney Freitag's motion to withdraw his appearance for Plaza Entertainment and Parkinson as moot.

9

On September 22, 2003, WRS filed a motion for
reconsideration of the denial of its motion to reopen the case.
On the same day, WRS commenced a new civil action against the
Defendants asserting the same claims that had been asserted in
this case.  The new case, which was docketed as Civil Action No.
03-1398, also was assigned to this member of the Court.  On
September 23, 2003, WRS's motion for reconsideration of the order
denying its motion to reopen this case was denied, and WRS filed
a timely appeal to the United States Court of Appeals for the
Third Circuit.

On October 29, 2003, Attorney Gibson filed a timely answer
and crossclaim against Plaza Entertainment on von Bernuth's
behalf in Civil Action No. 03-1398.[7]  On December 19, 2003,
Herklotz filed a motion to dismiss Civil Action No. 03-1398 under
Fed.R.Civ.P. 12(b)(6), asserting that WRS's claim against him
based on the guaranty agreement executed on May 6, 1998 was

_____

[7]In the crossclaim against Plaza Entertainment, which on the
cover of the answer and in the caption of the claim was
erroneously designated a counterclaim, von Bernuth sought to
recover $130,000 from any award of damages that Plaza
Entertainment might obtain on its counterclaims against WRS,
which represented loans made by von Bernuth to Plaza
Entertainment, as well as consulting fees allegedly owed to von
Bernuth by Plaza Entertainment.  To facilitate his recovery of
the $130,000 from Plaza Entertainment, von Bernuth requested in
the crossclaim that WRS be required (a) to account for all funds
received from sales of videos in the Plaza Library or the Faber
Library, and (b) to pay to the owners of the videos, whether
Plaza or Faber, all profits derived from its infringement of the
copyrights in the videos.

10

barred by the statute of limitations.  On February 3, 2004,

Attorney Gibson entered his appearance for Plaza Entertainment

and Parkinson in Civil Action No. 03-1398 and filed a motion to

dismiss WRS's claims against these Defendants based on the

expiration of the statute of limitations.[8]  The motions to

dismiss were denied on January 5, 2005.

On January 31, 2005, WRS filed a request for entry of

defaults against Plaza Entertainment, Parkinson and Herklotz

based on their failure to file timely answers to the complaint in

Civil Action No. 03-1398, and defaults were entered the same day.

On February 4, 2005, Herklotz filed a motion to set aside the

default that had been entered against him, as well as an answer

and crossclaims.[9]  On February 7, 2005, WRS filed a motion for

default judgment against Plaza Entertainment, Parkinson and

Herklotz, and an argument on Herklotz's motion to set aside the

default was scheduled for March 4, 2005.  On February 18, 2005,

---

[8]As noted previously, Attorney Gibson also represented von
Bernuth, and, although he filed an answer to WRS's complaint in
Civil Action No. 03-1398 on von Bernuth's behalf, Attorney Gibson
filed a motion to dismiss on behalf of Plaza Entertainment and
Parkinson based on the expiration of the statute of limitations.
It appears that Herklotz's motion to dismiss, which was filed
after von Bernuth's answer and before Plaza Entertainment and
Parkinson responded to WRS's complaint, precipitated Attorney
Gibson's filing of the motion to dismiss on behalf of Plaza
Entertainment and Parkinson.

[9]The crossclaims asserted against Plaza Entertainment,
Parkinson and von Bernuth in Herklotz's answer in Civil Action
No. 03-1398 were identical to the crossclaims asserted in his
answer to the complaint in this case.

11

Plaza Entertainment and Parkinson filed a motion to set aside the
defaults that had been entered against them, as well an answer
and a counterclaim.[10]  Following argument on March 4, 2005, an
order was entered granting the motions of Plaza Entertainment,
Parkinson and Herklotz to set aside the defaults and denying
WRS's motion for entry of default judgments.

On April 4, 2005, the Court of Appeals dismissed WRS's
appeal in this case for lack of jurisdiction, noting in its
opinion that the parties and the Court were proceeding on the
assumption that this case had been dismissed pursuant to the
Court's February 14, 2002 order due to the failure of counsel to
enter an appearance on WRS's behalf by March 15, 2002.  The Court
of Appeals noted further that, although this assumption was not
unreasonable, it was erroneous because a separate order
dismissing the case was required under Rule 58 of the Federal
Rules of Civil Procedure.[11]  Based on the failure of the Court to

---

[10]As noted previously, the *pro se* answer filed by Parkinson
in this case did not include a counterclaim, and the answer filed
by Attorney Freitag on Plaza Entertainment's behalf in this case,
included two counterclaims - one claim based on WRS's failure to
make payments to Plaza Entertainment in accordance with the terms
of the Services Agreement and another claim for unjust
enrichment.  The counterclaim in the answer filed by Attorney
Gibson on behalf of Plaza Entertainment and Parkinson in Civil
Action No. 03-1398 sought an accounting with respect to (a) WRS's
disposition of Plaza Entertainment's accounts receivable and (b)
WRS's disposition of proceeds from sales of videos in which Plaza
Entertainment had an interest.

[11]Under Fed.R.Civ.P. 58, every judgment and amended judgment
must be set forth on a separate document with the exception of

12

enter a separate order, the Court of Appeals concluded that the closure of this case had been administrative in nature and this Court had retained jurisdiction over the case. Due to the absence of a final order, the Court of Appeals held that it lacked jurisdiction to hear WRS's appeal, and the matter was remanded to this Court for further consideration of WRS's motion to reopen the case.

On May 23, 2005, the Court met with counsel to discuss the Court of Appeals's decision and a briefing schedule was entered. WRS was directed to file a brief in support of its motion to reopen the case by June 13, 2005, and Plaza Entertainment, Parkinson and von Bernuth were given the opportunity to file a brief in opposition, and Herklotz was given the opportunity to file a supplemental brief in opposition, by July 8, 2005.[12]

On July 29, 2005, the Court issued an opinion granting WRS's motion to reopen this case. In the opinion, the Court noted that the delay in Attorney Reilly's appearance on behalf of WRS following the entry of the February 14, 2002 order was the result of issues that arose between WRS and the National Bank of Canada, a secured creditor in WRS's bankruptcy proceeding, of which the

---

orders disposing of certain enumerated motions which are not relevant here.

[12]WRS filed a brief in support as directed. However, Plaza Entertainment, Parkinson and von Bernuth did not file a brief in opposition, and Herklotz did not file a supplemental brief in opposition.

13

Court was not aware, and that once the issues were resolved, WRS

acted promptly to retain Attorney Reilly and moved to reopen this

case.[13]   In addition, the Court noted that WRS would be

prejudiced if the motion to reopen the case was denied because

the Defendants had raised the defense of the statute of

limitations in the identical action filed by WRS at Civil Action

No. 03-1398.   Finally, the Court noted that in light of the

ambiguity in the February 14, 2002 order, which was noted by the

Court of Appeals in its April 4, 2005 opinion, it would be

fundamentally unfair to deny WRS's motion to reopen this case.

As a result of the Court's conclusion that WRS's motion to reopen

should be granted, an order was entered consolidating Civil

Action No. 03-1398 with this case and closing the latter case.

---

[13]Between February 14, 2002, when the order which
administratively closed this case due to the filing of WRS's
bankruptcy petition was entered, and August 20, 2003, when
Attorney Reilly filed the motion to reopen this case, WRS was
engaged in negotiations with the National Bank of Canada and its
successor, PNC Bank, regarding a waiver of rights in certain
accounts receivable of WRS, including the account receivable from
Plaza Entertainment that is the subject of this case.
Eventually, PNC Bank agreed to waive its right to certain
accounts receivable, including the Plaza Entertainment account
receivable, thus giving WRS the right to the proceeds of any
recovery in this action and the ability to offer a contingent fee
arrangement to Attorney Reilly if the Bankruptcy Court approved
the proposed settlement agreement between WRS and PNC Bank.   On
this basis, WRS and Attorney Reilly entered into a retention
agreement, and WRS moved in the Bankruptcy Court to retain
Attorney Reilly as special counsel to represent it in this case.
In anticipation of the Bankruptcy Court's approval of WRS's
motion (which occurred on September 10, 2003), Attorney Reilly
filed the motion to reopen this case on August 20, 2003.

On August 1, 2005, an order was entered directing the completion of discovery by December 9, 2005, and scheduling a final pretrial conference for April 3, 2006. On February 24, 2006, Herklotz filed a motion for summary judgment or, alternatively, for partial summary judgment on the issue of his liability to WRS based on the May 6, 1998 guaranty agreement. Due to the illness of this member of the Court, the Honorable Arthur J. Schwab scheduled a settlement conference for March 9, 2006. During the March 9th conference,[14] Attorney Gibson informed Judge Schwab of his intent to withdraw his appearance for Plaza Entertainment and Parkinson due to non-payment.[15] As to von

_____

[14]Attorney Reilly attended the conference on behalf of WRS; Attorney Gibson attended the conference on behalf of Plaza Entertainment, Parkinson and von Bernuth; and Attorney Sieminski attended the conference on behalf of Herklotz.

[15]As noted previously, on September 12, 2003, Attorney Freitag filed a motion to withdraw his appearance for Plaza Entertainment and Parkinson in this case due to non-payment, and the motion was denied as moot on September 15, 2003 in light of the initial denial of Attorney Reilly's motion to reopen this case. When the case was reopened in July 2005 following the decision rendered by the Court of Appeals in connection with WRS's appeal, Attorney Gibson, who had represented von Bernuth since the commencement of this case, also began representing Plaza Entertainment and Parkinson. Because Attorney Freitag's September 12, 2003 motion to withdraw his appearance for Plaza Entertainment and Parkinson had been denied as moot, his appearance for these Defendants remained on the docket. As a result, copies of all of the Court's orders following the reopening of the case were sent to Attorney Freitag, despite the fact that Attorney Gibson had taken over the representation of Plaza Entertainment and Parkinson. Following notice by Attorney Freitag of the situation he was in due to the denial of his motion to withdraw his appearance for Plaza Entertainment and Parkinson as moot, Attorney Freitag's appearance in this case was

15

Bernuth, Attorney Gibson agreed during the March 9th conference
to file a motion for summary judgment by March 23, 2006,
regarding the issue of von Bernuth's liability to WRS based on
his personal guaranty of Plaza Entertainment's obligations to
WRS.   Due to a dispute regarding the amount of Plaza
Entertainment's debt to WRS, Attorney Gibson also agreed on von
Bernuth's behalf during the March 9th conference to share equally
with WRS and Herklotz the cost of an accountant to review WRS's
records and evaluate its claim for damages.   Despite agreeing to
do so, Attorney Gibson failed to file a motion for summary
judgment as to liability on von Bernuth's behalf by March 23,
2006, and he failed to participate in the retention of an
accountant to review WRS's records and evaluate its claim for
damages.[16]

On March 23, 2006, WRS filed a cross-motion for summary
judgment with respect to the issue of Herklotz's liability to WRS
based on his personal guaranty of Plaza Entertainment's
obligations to WRS.   Shortly thereafter, on March 31, 2006, Plaza

terminated on April 28, 2006.

[16]Shortly after the March 9, 2006 conference, Attorney
Gibson informed von Bernuth that he may be required to contribute
to the cost of an accountant to review WRS's records, and that he
would contact him when the amount of the payment was determined.
This was the last communication that von Bernuth received from
Attorney Gibson.   Ultimately, WRS and Herklotz shared the cost to
retain the accounting firm of Schneider Downs to review WRS's
records and evaluate its claim for damages in this case.

16

Entertainment and Parkinson were ordered to show cause by April 7, 2006, why default should not be entered against them for failure to defend. Based on their failure to respond to the show cause order, on April 10, 2006, Judge Schwab directed the Clerk of the Court to enter defaults against Plaza Entertainment and Parkinson pursuant to Fed.R.Civ.P. 55(a). On April 12, 2006, von Bernuth was ordered to show cause by April 25, 2006, why default should not be entered against him for failure to defend. Due to von Bernuth's failure to respond to the show cause order, on April 28, 2006, Judge Schwab directed the Clerk of the Court to enter default against him pursuant to Fed.R.Civ.P. 55(a). Despite his continued appearance for Plaza Entertainment, Parkinson and von Bernuth,[17] Attorney Gibson never informed these Defendants of the show cause orders or the entry of the defaults.

On July 21, 2006, Judge Schwab granted WRS's cross-motion for summary judgment on the issue of Herklotz's liability to WRS for the obligations of Plaza Entertainment. On September 26, 2006, Herklotz moved, pursuant to 28 U.S.C. § 1404(a), to transfer venue of this case to the United States District Court for the Central District of California.[18] At the time, the issue

_____

[17]Although Attorney Gibson informed Judge Schwab during the March 9, 2006 settlement conference that he intended to withdraw his appearance for Plaza Entertainment and Parkinson due to non-payment, he never did so.

[18]In support of the motion to transfer venue, Herklotz asserted that he was a California resident; that he was 82 years

17

of the damages recoverable by WRS from Herklotz remained

unresolved, as well as the crossclaims asserted by Herklotz

against Plaza Entertainment, Parkinson and von Bernuth for

indemnity/contribution, breach of fiduciary duty and

misrepresentation.[19]

While Herklotz's motion to transfer venue was pending, WRS

moved for summary judgment against Herklotz on the issue of

damages.  Judge Schwab granted the motion for summary judgment on

February 20, 2007,[20] and judgment in the amount of $2,584,749.03

_____

old; that he had traveled to Pittsburgh on a number of occasions
to attend to matters associated with this case; that it had
become much more difficult for him to travel due to deteriorating
health; that the other Defendants were California residents; that
Parkinson and von Bernuth had never traveled to Pittsburgh to
attend to matters pertaining to this case; that he intended to
call Parkinson and von Bernuth as witnesses in their individual
and corporate capacities at trial; that it was unrealistic to
believe that Parkinson, von Bernuth or a representative of Plaza
Entertainment would attend a trial in Pittsburgh; and that he
intended to call two California residents as witnesses at trial
and they were beyond the subpoena power of this Court.

[19]A dispute exists as to whether the counterclaims asserted
by Plaza Entertainment and Parkinson against WRS also were
pending at the time Herklotz filed his motion to transfer venue
of this case to the United States District Court for the Central
District of California, and a motion raising the issue is
pending.  In addition, the Court notes that von Bernuth's
crossclaim against Plaza Entertainment, which erroneously was
designated a counterclaim in his answer in Civil Action No. 03-
1398, was never addressed due to the entry of default against him
for failure to defend.

[20]In support of its motion for summary judgment against
Herklotz on damages, WRS relied on (a) an affidavit of its
President, (b) business records and (c) a copy of a report
prepared by Schneider Downs, the accounting firm which was
retained following the March 9, 2006 settlement conference to
review WRS's business records and evaluate its claim for damages

18

was entered in favor of WRS and against Herklotz.[21]  On February

20, 2007, Judge Schwab also granted WRS's motion for default

judgments against Plaza Entertainment, Parkinson and von Bernuth

pursuant to Fed.R.Civ.P. 55(b), based on their failure to

participate in this litigation following the March 9, 2006

settlement conference, and default judgments in the amount of

$2,584,749.03 were entered in favor of WRS and against Plaza

Entertainment, Parkinson and von Bernuth.  Despite his continued

appearance for these Defendants, Attorney Gibson never informed

---

in this case.  In opposition to WRS's motion for summary judgment
on damages, Herklotz argued that (a) the unreliability of WRS's
records precluded its claim for damages; (b) Schneider Downs'
review of WRS's records was flawed; and (c) in the event WRS was
entitled to recover damages based on his personal guaranty of
Plaza Entertainment's obligations, the amount of damages should
be reduced due to WRS's failure to mitigate damages.  With
respect to the alleged unreliability of WRS's records, Judge
Schwab concluded that Herklotz failed to present evidence showing
that there was a genuine issue of fact as required by
Fed.R.Civ.P. 56(e).  As to alleged flaws in Schneider Downs'
review of WRS's records, Judge Schwab concluded that Herklotz
misconstrued the scope of the review which Schneider Downs was
retained to perform, as well as WRS's position regarding the
weight to be given to the report prepared by Schneider Downs.
Finally, in connection with WRS's alleged failure to mitigate
damages, Judge Schwab concluded, among other things, that
Herklotz had waived this affirmative defense.

[21]The damages were comprised of the following sums: (a)
$1,096,636.11 representing the outstanding balance on Plaza
Entertainment's account as of August 31, 2001; (b) $1,219,914.67
representing interest on the outstanding balance of Plaza
Entertainment's account as of October 13, 2006; (c) $38,350
representing storage fees for the period August 1, 2001 to May
31, 2006; (d) $12,080.25 representing interest on the storage
fees as of May 31, 2006; (e) $125,000 representing fees for
administrative services for the period November 1998 to December
2000; and (f) $92,768 representing attorney's fees through
December 19, 2006.  (Document No. 139).

19

them of the default judgments that had been entered by Judge
Schwab.

Believing that the only remaining claims in the case to be
adjudicated were the crossclaims asserted by Herklotz against
Plaza Entertainment, Parkinson and von Bernuth for
indemnity/contribution, breach of fiduciary duty and
misrepresentation, Judge Schwab directed counsel for WRS and
Herklotz to appear at a conference on February 27, 2007 to
discuss Herklotz's pending motion to transfer venue pursuant to
28 U.S.C. § 1404(a). Following the conference, Judge Schwab
entered an order (1) granting an oral motion by Attorney
Sieminski to sever Herklotz's crossclaims against Plaza
Entertainment, Parkinson and von Bernuth from the other claims in
the case, and (2) granting Herklotz's motion to transfer venue to
the United States District Court for the Central District of
California with respect to the crossclaims.[22] Based on a
reasonable belief that the judgment entered against him was a
final judgment, Herklotz filed a Notice of Appeal to the United
States Court of Appeals for the Third Circuit on March 8, 2007.

On May 21, 2007, Parkinson sent the following email to von
Bernuth on which Attorney Gibson was copied:

---

[22]During the conference, no one raised the issue of the
counterclaims asserted against WRS by Plaza Entertainment and
Parkinson or the crossclaim asserted against Plaza Entertainment
by von Bernuth which erroneously had been designated a
counterclaim.

Charles - did you speak with John Gibson yet?  The last
documents I have from the WRS - Plaza matter was that they
(sic) case was dismissed because the accounting at WRS was
such a shambles that there was no way to prove how much they
had billed, collected for Plaza, etc.  To the best of my
knowledge, you and I and Plaza (and Herklotz?) were 100%
released from the case.  Is that your understanding???

Please advise.
ERIC PARKINSON

Attorney Gibson promptly responded to the email by sending the

following email to Parkinson:

Hi Eric:

Actually it is the opposite.  Judge Schwab entered an
enormous judgment against Plaza Entertainment and against
Mr. Herklotz.  There is an appeal pending in the Third
Circuit by Mr. Herklotz.  The Judge's basis for entering the
judgment against you and Mr. von Bernuth was that you did
not advance funds to pay the accountants and he entered
judgment by "default."  That is probably the strongest basis
for an appeal since answers were filed and there is an
abundance of case law that says it is improper to enter a
judgment for that reason.

I haven't reviewed the accountants' report but it seems
strange to me since the accounting at WRS was, in fact, a
total mess.

I did not move to withdraw my appearance for anyone in the
District Court and I still can enter my appearance in the
Third Circuit but this is going to involve considerable work
and I can't afford to do it at half my hourly rate.  If you
are able to bring your bill current, please let me know and
I will enter my appearance in the appeal and will resume
billing.

Thank you,
John

Subsequently, Parkinson forwarded Attorney Gibson's email to von

Bernuth.

21

On May 28, 2007, Parkinson sent a letter to Judge Schwab
concerning the email he had received from Attorney Gibson on May
21, 2007.  In summary, Parkinson's letter states that he
contacted Attorney Gibson after receiving a communication from
the Court concerning Herklotz's crossclaims which initially had
been sent to him at an address in Los Angeles that was seven
years outdated; that he was surprised to receive any
correspondence concerning the WRS matter because he had been
informed by Attorney Gibson in October, 2005 that the case had
been dismissed and closed;[23] that he is in possession of records
which establish that "WRS actually owes a significant amount of
money to Plaza Entertainment;" that neither he nor Plaza
Entertainment had been represented at any of the recent hearings
in this case despite the fact that Attorney Gibson has never
withdrawn his appearance for them; and that he would like an
opportunity to appeal any judgment in this matter on his own
behalf, as well as on Plaza Entertainment's behalf.[24]

---

[23]With respect to this representation, the Court notes that
this case was reopened and Civil Action No. 03-1398 was
consolidated with this case in July 2005.  In October 2005, when
Parkinson was allegedly told by Attorney Gibson that the case had
been dismissed and closed, a pretrial order was in place and a
final pretrial conference was scheduled for April 3, 2006.

[24]Inexplicably, Parkinson requested an opportunity to appeal
the default judgment entered against Plaza Entertainment, despite
having been informed by the Court in February 2001 that he could
not represent the corporation because he is not a lawyer.

22

On July 23, 2007, Attorney Gibson entered an appearance for Plaza Entertainment, Parkinson and von Bernuth in the appeal filed by Herklotz. Three days later, WRS moved to strike Attorney Gibson's appearance for Plaza Entertainment, Parkinson and von Bernuth, as well as any indication on the appellate docket that they are parties to the appeal. By order dated September 7, 2007, the Court of Appeals denied WRS's motion "as presented," ruling that although Plaza Entertainment, Parkinson and von Bernuth could not proceed as appellants because they had not filed a Notice of Appeal, they were entitled to participate in the appeal as appellees because they were parties in this action.

On October 16, 2007, James R. Walker, Esquire filed a motion on von Bernuth's behalf in this Court seeking relief from the default judgment under Fed.R.Civ.P. 60(b). The motion was based on the failure of Attorney Gibson to diligently represent von Bernuth in this case which resulted in the entry of the default judgment. The next day, Judge Schwab entered an order setting a briefing schedule and expressly directing counsel to address the Court's jurisdiction to entertain von Bernuth's Rule 60(b) motion in light of the pending appeal by Herklotz.[25]

---

[25]The issue of the finality of the judgment from which Herklotz appealed was raised by Attorney Walker in the brief filed in support of von Bernuth's Rule 60(b) motion. (Document No. 151, p. 5 n.1).

23

On October 26, 2007, Attorney Walker filed a motion in the Herklotz appeal seeking a remand of the case to allow this Court to consider von Bernuth's Rule 60(b) motion. In the event the Court of Appeals was not inclined to remand the case until after this Court indicated a willingness to grant von Bernuth's Rule 60(b) motion, Attorney Walker requested a stay of the appeal until this Court either denied von Bernuth's Rule 60(b) motion or indicated its intention to grant the motion.[26]

To eliminate any question concerning the finality of the judgment entered against Herklotz and the Court of Appeals's jurisdiction to consider his pending appeal, on November 2, 2007, WRS filed a motion in this Court under Fed.R.Civ.P. 54(b), seeking certification, *nunc pro tunc,* that the entry of judgment as to Herklotz is final,[27] and a motion seeking modification of

---

[26]*See* Venen v. Sweet, 758 F.2d 117, 123 (3d Cir.1985)("Most Courts of Appeal hold that while an appeal is pending, a district court, without permission of the appellate court, has the power both to entertain and deny a Rule 60(b) motion. If a district court is inclined to grant the motion or intends to grant the motion, those courts also hold, it should certify its inclination or intention to the appellate court which can then entertain a motion to remand the case. Once remanded, the district court will have the power to grant the motion, but not before.").

[27]Rule 54(b) of the Federal Rules of Civil Procedure provides:

**Rule 54.  Judgments; Costs**

\*   \*   \*

**(b) Judgment Upon Multiple Claims or Involving Multiple Parties.**  When more than one claim for relief is presented

24

Judge Schwab's February 20, 2007 order entering default judgments
against Plaza Entertainment, Parkinson and von Bernuth to
expressly dismiss their counterclaims against WRS.[28]  On December
11, 2007, the Court of Appeals entered an order staying the
appeal for this Court's consideration of von Bernuth's Rule 60(b)
motion.

Despite the indication in Parkinson's May 28, 2007 letter to
Judge Schwab that he wished to appeal the default judgments
entered against him and Plaza Entertainment, no motions were
filed seeking relief from the judgments.  In light of Parkinson's
May 28th letter and the pending Rule 60(b) motion by von Bernuth,

_____

in an action, whether as a claim, counterclaim, cross-claim,
or third-party claim, or when multiple parties are involved,
the court may direct the entry of final judgment as to one
or more but fewer than all of the claims or parties only
upon an express determination that there is no just reason
for delay and upon an express direction for the entry of
judgment.  In the absence of such a determination and
direction, any order or other form of decision, however
designated, which adjudicates fewer than all the claims or
the rights and liabilities of fewer than all the parties
shall not terminate the action as to any of the claims or
parties, and the order or other form of decision is subject
to revision at any time before the entry of judgment
adjudicating all the claims and the rights and liabilities
of all the parties.

[28]Regarding WRS's inclusion of von Bernuth in the motion for
modification of Judge Schwab's February 20, 2007 order, as noted
previously, von Bernuth did not file a counterclaim against WRS.
Rather, in the answer filed by Attorney Gibson on von Bernuth's
behalf in Civil Action No. 03-1398, which ultimately was
consolidated with this case, a crossclaim (erroneously designated
a counterclaim on the cover of the answer and in the caption of
the claim) was asserted against Plaza Entertainment by von
Bernuth for consulting fees and repayment of loans.

25

on December 19, 2007, Judge Schwab entered an order directing
Parkinson to file an appropriate motion and supporting brief by
January 25, 2008, if he still desired to challenge the default
judgment.  In the event he failed to do so, Judge Schwab's order
indicated that his right to challenge the default judgment would
be waived.  As to Plaza Entertainment, Judge Schwab's December
19th order directed the corporation to retain counsel to file an
appropriate motion and supporting brief by January 25, 2008, if
it still desired to challenge the default judgment.  In the event
Plaza Entertainment failed to do so, Judge Schwab's order
indicated that its right to challenge the default judgment would
be waived.

On January 25, 2008, Plaza Entertainment and Parkinson filed
motions for relief from the default judgments under Fed.R.Civ.P.
60(b), based on the inadequate representation provided by
Attorney Gibson.  Parkinson filed the Rule 60(b) motion on his
own behalf, and Stephen Jurman, Esquire filed the Rule 60(b)
motion on behalf of Plaza Entertainment.

On February 8, 2008, Judge Schwab granted WRS's motion for
certification of the judgment against Herklotz as final under
Fed.R.Civ.P. 54(b).  As a result, the limitation on the Court's
jurisdiction to entertain the Rule 60(b) motions filed by Plaza
Entertainment, Parkinson and von Bernuth was eliminated.  On

26

February 29, 2008, the case was returned to this member of the
Court for all further proceedings.

## IV. Discussion

Under Fed.R.Civ.P. 55(c), the Court may set aside a default
judgment for good cause shown in accordance with Fed.R.Civ.P.
60(b), which provides for relief from final judgments on five
enumerated grounds, i.e., (1) mistake, inadvertence, surprise or
excusable neglect, (2) newly discovered evidence, (3) fraud, (4)
the judgment is void and (5) the judgment has been satisfied,
released or discharged, and for "(6) any other reason justifying
relief from the operation of the judgment."

The Rule 60(b) motions filed by Plaza Entertainment,
Parkinson and von Bernuth asserting that the default judgments
were entered as a result of the inadequate representation
provided by Attorney Gibson are predicated on the sixth or
"catchall" ground for relief. See Carter v. Albert Einstein
Medical Center, 804 F.2d 805, 807 (3d Cir.1986)(holding that
relief under Rule 60(b)(6) was warranted where plaintiff had
suffered a default judgment because his attorney had displayed
neglect so gross that it is inexcusable); Boughner v. Secretary
of Health, Education and Welfare, 572 F.2d 976, 978 (3d Cir.1978)
(holding that gross neglect and abandonment of a client by an
attorney create an exception to the rule that a client is bound
by the acts of an attorney, and constitute extraordinary

27

circumstances permitting relief from a judgment under Fed.R.Civ.P. 60(b)(6)). A motion for relief under Rule 60(b)(6) must be made within a reasonable time after entry of the judgment. <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 863-64 (1988).

In <u>Tozer v. Charles A. Krause Milling Co.</u>, 189 F.2d 242 (3d Cir.1951), the United States Court of Appeals for the Third Circuit noted that a Rule 60(b) motion seeking relief from default judgment must be given a liberal construction; that a matter involving a large sum of money should not be determined by a default judgment if it can reasonably be avoided; and that any doubt should be resolved in favor of a motion to set aside a default judgment so that a case may be decided on its merits. <i>Id.</i>, at 245. <i>See also</i> <u>Gross v. Stereo Component Systems, Inc.</u>, 700 F.2d 120 (3d Cir.1983)(As a general matter the United States Court of Appeals for the Third Circuit does not favor defaults and in a close case doubt should be resolved in favor of setting aside the default and reaching a decision on the merits); <u>Medunic v. Lederer</u>, 533 F.2d 891 (3d Cir.1976)(A standard of liberality, rather than strictness, should be applied in acting on a motion to set aside a default judgment, and any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits).

In exercising its discretion to set aside a default judgment, a district court must consider whether vacating the default judgment will visit prejudice on the plaintiff, whether the defendant has a meritorious defense, and whether the default was the result of the defendant's culpable conduct. Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982). WRS asserts that the Rule 60(b) motions of Plaza Entertainment, Parkinson and von Bernuth should be denied because (1) the motions were not filed within a reasonable period of time; (2) WRS will be prejudiced if the default judgments are vacated; (3) Plaza Entertainment, Parkinson and von Bernuth have failed to assert a meritorious defense; and (4) the default judgments resulted from the culpable conduct of Plaza Entertainment, Parkinson and von Bernuth. The Court will address each contention seriatim.

## **Timeliness**

With respect to the issue of the timeliness of the Rule 60(b) motions, the default judgments against Plaza Entertainment, Parkinson and von Bernuth were entered by Judge Schwab on February 20, 2007. Parkinson did not learn of the default judgments until May 21, 2007, when he received the email from Attorney Gibson regarding the status of this case, and von Bernuth did not learn of the default judgments until May 28, 2007, when Parkinson forwarded Attorney Gibson's email to him.

29

Turning first to Plaza Entertainment and Parkinson, on May 28, 2007, one week after learning of the default judgments, Parkinson, who is not represented by counsel at this time, sent a letter to Judge Schwab requesting an opportunity to appeal the judgments entered against him and Plaza Entertainment.  Because the request was set forth in a letter, rather than a formal motion, no action was taken in response to the request.  When directed by Judge Schwab to file a Rule 60(b) motion by January 25, 2008 or waive his right to challenge the default judgment, Parkinson complied with the Court's order.  Similarly, when directed by Judge Schwab to obtain counsel and file a Rule 60(b) motion by January 25, 2008 or waive its right to challenge the default judgment, Plaza Entertainment complied with the Court's order.  Under the circumstances, the Court declines to find that their Rule 60(b) motions were untimely.

As to von Bernuth, his Rule 60(b) motion was not filed until October 16, 2007, almost five months after his discovery that a default judgment had been entered against him in this case.  In an affidavit submitted after WRS's brief in opposition was filed challenging the timeliness of his Rule 60(b) motion, von Bernuth attests to the following facts to explain the delay in filing the Rule 60(b) motion:

> (1) He attempted to contact Attorney Gibson after receiving Parkinson's email regarding the default judgment;

30

(2) Attorney Gibson downplayed the matter when he was able to reach him, indicating that the default judgment resulted from the non-payment of accounting fees and would be rectified on appeal;

(3) On June 13, 2007, he sent Attorney Gibson a check to proceed with an appeal;

(4) He then contacted Parkinson concerning payment of his share of the fee for Attorney Gibson to file an appeal from the default judgment, and Parkinson indicated that he had no intent of sending money to Attorney Gibson to file an appeal;

(5) After Parkinson indicated that he had no intention of paying any portion of the fee for Attorney Gibson to file an appeal from the default judgments, he sent a second check to Attorney Gibson (for a total of $2,500) on July 1, 2007;

(6) In late June or early July 2007, he was served with an amended crossclaim by Herklotz in the matter which had been transferred to California, and he immediately contacted his attorney in Los Angeles, David Fisher, Esquire, to represent him in that matter;

(7) Attorney Fisher's research over the next week revealed that entry of the default judgment against him resulted from the total failure of Attorney Gibson to defend him in this case;

(8) Attorney Fisher attempted to contact Attorney Gibson over the next 10 days, but was unable to do so;

(9) He was advised by Attorney Fisher on July 18, 2007 to obtain new counsel in Pennsylvania and, after making several inquiries, an attorney in Philadelphia was recommended;

(10) He contacted the Philadelphia attorney on July 23, 2007 and was advised to find a lawyer in Pittsburgh where the case was filed;

(11) The Philadelphia attorney recommended two attorneys in Pittsburgh one of whom is his new counsel, Attorney Walker, whom he retained to represent him at the end of July 2007;

(12) It was a significant task to gather the documentation necessary to move for relief from the default judgment;

31

(13) Attorney Walker did not obtain Attorney Gibson's
affidavit in support of the Rule 60(b) motion until August
16, 2007;

(14) Attorney Walker indicated that he may be required to
demonstrate a meritorious defense in order to obtain the
requested relief and obtaining information about the merits
of the case necessarily involved the participation of
Parkinson;

(15) Over the course of approximately 1½ months, Attorney
Walker contacted Parkinson, obtained relevant documents and
procured his affidavit in support of the Rule 60(b) motion;

(16) Parkinson's affidavit was not executed until
September 27, 2007 due to difficulties reaching Parkinson,
conflicts with his work schedule, health issues, the need
for Parkinson to obtain documents from storage and the
substantial nature of the affidavit ultimately provided; and

(17) Thereafter, Attorney Walker prepared and filed the
Rule 60(b) motion with supporting documentation on October
16, 2007.[29]

(Document No. 164).

As acknowledged by WRS, the reasonableness of delay in
filing a motion for relief under Fed.R.Civ.P. 60(b)(6) depends
not only on the length of the lapse of time, but also the
explanation justifying the delay.[30]  Based on the facts set forth
in von Bernuth's affidavit, which have not been controverted by
WRS, the Court concludes that an adequate explanation justifying
the lapse of time between von Bernuth's discovery of the default

[29]In his brief in support of the Rule 60(b) motion, von
Bernuth also asserts that he was hampered and delayed in filing
the Rule 60(b) motion due to "the inability of Attorney Gibson to
provide anything approaching a complete file on the case."
(Document No. 151, p. 7).

[30]Document No. 158, p. 8.

32

judgment in May 2007 and the filing of his Rule 60(b) motion in
October 2007 has been provided.  Accordingly, von Bernuth's Rule
60(b) motion also will not be denied as untimely.

### Prejudice

Regarding the issue of prejudice to the plaintiff which must
be considered in ruling on a Rule 60(b) motion, prejudice is
established when a plaintiff's "ability to pursue the claim has
been hindered, ... [by, for example,] loss of available evidence,
increased potential for fraud or collusion, or substantial
reliance upon the judgment."  *See* <u>Feliciano v. Reliant Tooling</u>
<u>Co.</u>, 691 F.2d 653, 656-57 (3d Cir.1982).  WRS asserts that it
will be prejudiced if the Rule 60(b) motions are granted due to
the passage of time, the closing of WRS's business, WRS's
eviction from its facility, and the fact that, with the exception
of Jack Napor ("Napor") and his wife, the employees who have
knowledge of the specific events that occurred over the course of
the relationship between WRS and Plaza Entertainment "all moved
on and are no longer employed by WRS."  (Document No. 157, p. 2).

After consideration, the Court agrees with von Bernuth that
WRS's unsupported, general allegations of prejudice are
insufficient to preclude relief under Rule 60(b).[31]  WRS has not

---

[31]Only von Bernuth specifically addressed the issue of
prejudice to WRS if the default judgments were vacated. (Document
No. 163, p. 4).  Nevertheless, the Court will consider von
Bernuth's arguments in ruling on the Rule 60(b) motions filed by
Plaza Entertainment and Parkinson because Plaza Entertainment's

alleged that due to the closing of its business and eviction from its former facility, it no longer has access to the documents which support its claims in this case, and, with regard to the alleged unavailability of former employees who have knowledge about the transactions giving rise to this litigation, WRS has failed to show that it is in any different position now than it was when Napor, its President, was deposed in 2005 and January 2006.

In sum, the Court concludes that any prejudice resulting to WRS if the Rule 60(b) motions are granted does not outweigh the injustice that will result if the multi-million dollar default judgments entered against Plaza Entertainment, Parkinson and von Bernuth due, in significant part, to their abandonment by Attorney Gibson are not vacated.

## **Meritorious Defense**

A defendant moving to set aside a default judgment must establish a meritorious defense because there is no need to set aside the judgment if the defendant has no chance of prevailing. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir.1984). The burden on the defaulting party is to show a *potentially* meritorious defense. EMCASCO Ins. Co. v. Sambrick,

---

new counsel specifically adopted and incorporated von Bernuth's brief in the brief filed in support of Plaza Entertainment's Rule 60(b) motion (Document No. 183, p. 1), and Parkinson's Rule 60(b) motion was filed *pro se* and referred to von Bernuth's Rule 60(b) motion in support of his own. (Document No. 179, p. 7).

34

834 F.2d 71, 74-75 (3d Cir.1987). To meet this burden, a
defendant seeking to vacate a default judgment is required to set
forth with some specificity the grounds for his defense as
opposed to generally denying the allegations in the plaintiff's
complaint. Harad v. Aetna Casualty and Surety Co., 839 F.2d 979,
982 (3d Cir.1988).

Evidence that a default judgment is premised upon erroneous
figures constitutes a meritorious defense. Key Bank of Maine v.
Tablecloth Textile Co., 74 F.3d 349, 353 (1st Cir.1996). *See
also* Packard Press Corp. v. Com Vu Corp., 584 F.Supp. 73, 75
(E.D.Pa.1984)(In seeking to set aside default judgment and
averring that amount charged by plaintiff was inflated, defendant
set forth a *prima facie* meritorious defense to at least part of
plaintiff's claim); NuMED Rehabilitation, Inc. v. TNS Nursing
Homes of Pennsylvania, 187 F.R.D. 222, 224 (E.D.Pa.1999)(need for
an accounting can constitute a meritorious defense for the
purpose of vacating a default judgment); Display Equation, Inc.
v. D.C. Industries, Inc., 134 F.R.D. 124, 125 (W.D.Pa.1990)(need
for an accounting is basis of meritorious defense). After
considering the pleadings and the Rule 60(b) motions and
accompanying briefs, exhibits and affidavits, the Court concludes
that Plaza Entertainment, Parkinson and von Bernuth have met
their burden of establishing a potentially meritorious defense to
at least part of WRS's claim for damages.

35

The defense of recoupment, which may only be asserted if it arises from the same transaction as the plaintiff's claim or cause of action, lessens or defeats any recovery by the plaintiff. *See* Algrant v. Evergreen Valley Nurseries Ltd. Partnership, 126 F.3d 178, 184 (3d Cir.1997). Although none of the affirmative defenses raised in the answers filed by Plaza Entertainment, Parkinson and von Bernuth in this case or in consolidated Civil Action No. 03-1398 are captioned "Recoupment," every answer includes an affirmative defense captioned "Payment," which is based on WRS's collection and alleged retention of all Plaza Entertainment's accounts receivable in violation of the Services Agreement. In addition, the counterclaims asserted by Plaza Entertainment and Parkinson and the crossclaim asserted by von Bernuth in consolidated Civil Action No. 03-1398 specifically request an accounting with respect to the accounts receivable collected by WRS on behalf of Plaza Entertainment pursuant to the Services Agreement, as well as an accounting with respect to the inventory of videos held by WRS for Plaza Entertainment which is alleged to have had substantial value. Based on the foregoing, WRS has been on notice since the early stages of this litigation that the Defendants disputed Plaza Entertainment's debt to WRS and sought recoupment in connection with WRS's claim for damages.

Further, Plaza Entertainment, Parkinson and von Bernuth have gone beyond a simple denial of the allegations in WRS's

36

complaint.  In support of the Rule 60(b) motions, evidence was submitted which, if presented at a trial, may result in a substantial reduction in the amount of damages recoverable by WRS.  For example, (1) Exhibit D to Parkinson's affidavit consists of evidence of two payments totaling $21,833.90 by Anderson Merchandisers on its account with Plaza Entertainment during the period the lockbox arrangement was in place and these payments are not reflected in WRS's records; (2) Exhibit I to Parkinson's affidavit is a letter written by Parkinson to WRS on February 3, 2000 in which, among other things, he objects to invoices for duplication services allegedly performed by WRS without a purchase order or authorization from Plaza Entertainment; and (3) with respect to some payments on Plaza Entertainment's accounts receivable that were recorded by WRS, evidence was submitted in support of the Rule 60(b) motions which shows that Plaza Entertainment was given credit against its outstanding balance for only 50% of the payments, despite the fact that WRS kept 100% of the payments.  Under the circumstances, Plaza Entertainment, Parkinson and von Bernuth have met their burden of showing a meritorious defense with the level of specificity required to set aside a default judgment.[32]

---

[32]In support of his Rule 60(b) motion, von Bernuth raised an additional potentially meritorious defense to his liability in this case as a surety that was not raised by Parkinson. Specifically, von Bernuth asserts that WRS's failure to notify him that his guaranty of Plaza Entertainment's obligations was

Finally, two additional facts support the conclusion that
Plaza Entertainment, Parkinson and von Bernuth have raised a
potentially meritorious defense in support of their Rule 60(b)
motions.   First, the Court has already ruled that Plaza
Entertainment raised a meritorious defense to WRS's breach of
contract claim against it.[33]  Specifically, several months after
this case was filed, a default was entered against Plaza
Entertainment by the Clerk of the Court for failure to file an
answer or otherwise defend the action.   Plaza Entertainment moved
to set aside the default under Fed.R.Civ.P. 55(c), and, on July
31, 2001, the motion was granted.   In granting the motion, the
Court specifically found that Plaza Entertainment had set forth
facts in support of the Rule 55(c) motion which established a
potentially meritorious defense.   Second, the Defendants'
objection to the accuracy and reliability of WRS's records was
the basis for the parties' agreement during the March 9, 2006

---

accepted renders the guaranty unenforceable.   See Deeter v. Dull
Corp., Inc., 420 Pa.Super. 576, 617 A.2d 336 (1992)("A suretyship
may only be enforced by an obligee against a surety where the
obligee affirmatively accepts the suretyship contract within a
reasonable time inasmuch as such notice enables the surety to
know the nature and extent of its liability.").   Due to the
Court's conclusion that Plaza Entertainment, Parkinson and von
Bernuth have established the potentially meritorious defense of
recoupment, it is unnecessary for the Court to address von
Bernuth's additional potentially meritorious defense at this
time.   Counsel will be given the opportunity to argue the
validity of the defense at a later date.

[33]In this connection, the Court notes that, as sureties, the
liability of Parkinson and von Bernuth to WRS is coextensive with
that of Plaza Entertainment.

38

settlement conference before Judge Schwab to share the cost of an accountant to review WRS's records and evaluate its claim for damages.

## Culpable Conduct

The final factor to be considered in ruling on a motion to set aside a default judgment is whether the defendant's conduct was culpable, that is, whether the defendant acted willfully or in bad faith. Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir.1982). See also Int'l Brotherhood of Electrical Workers, Local Union 313 v. Skaggs, 130 F.R.D. 526, 529 (D.Del. 1990)(A defendant exhibits culpable conduct if he fails to respond to the complaint willfully, in bad faith or as part of trial strategy).

Turning first to von Bernuth, the Court readily concludes he has met his burden of showing that the entry of the default judgment was not the result of any culpable conduct on his part. In support of his Rule 60(b) motion, von Bernuth submitted an affidavit setting forth the details of his abandonment by Attorney Gibson which resulted in the entry of the default judgment, as well as the affidavit of Attorney Gibson in which counsel candidly admits that he has no excuse for the derelictions in his duty to defend von Bernuth in this case. (Document Nos. 152 and 153). Based on the representations in the affidavits, which have not been controverted by WRS, von Bernuth

39

promptly paid Attorney Gibson for the professional services rendered on his behalf at all times, and von Bernuth was ready, willing and able to pay his share of the fee to retain an accountant to review WRS's records and evaluate its claim for damages. At most, the record supports a finding that von Bernuth was negligent in failing to demand more frequent reports from Attorney Gibson on the status of this litigation, and, as noted above, negligent conduct is insufficient to sustain the entry of a default judgment.

With respect to Plaza Entertainment and Parkinson, there is a stronger argument for finding culpable conduct regarding entry of the default judgments. First, Plaza Entertainment was aware of the possibility of the entry of a default for failing to defend early in this litigation. Specifically, on March 30, 2001, a default was entered against Plaza Entertainment for failing to file an answer or otherwise defend this action. At the time, the case had been pending for over 5 months and Plaza Entertainment had not retained counsel, despite being informed by the Court in February 2001 that Parkinson could not represent the corporation because he was not a lawyer. Second, shortly after WRS filed a motion to reopen this case in August 2003, Attorney Freitag filed a motion to withdraw the appearance he had entered for Plaza Entertainment and Parkinson due to their alleged failure to provide Attorney Freitag with a retainer fee. Third,

40

on January 31, 2005, defaults were entered against Plaza
Entertainment and Parkinson in Civil Action No. 03-1398 for
failure to file answers to the complaint. At the time, Attorney
Gibson was representing Plaza Entertainment and Parkinson.
Fourth, during the March 9, 2006 settlement conference before
Judge Schwab, Attorney Gibson informed the Court of his intent to
withdraw his appearance for Plaza Entertainment and Parkinson due
to alleged non-payment.[34] Fifth, after Attorney Gibson informed
Parkinson of the default judgments on May 21, 2007, Parkinson
sent a letter to the Court requesting an opportunity to appeal
the default judgments, rather than filing an appropriate motion
on which the Court would take action.[35] In addition, in the
letter to the Court, Parkinson purported to represent Plaza
Entertainment, as well as himself, with respect to seeking relief
from the default judgments, despite the fact that he had been
informed by the Court in February 2001 that, as a non-lawyer, he
could not represent the corporation. Finally, Parkinson has
never attended any Court proceedings in this case on his own
behalf or as a representative of Plaza Entertainment.

---

[34]Parkinson disputes Attorney Gibson's claim that he failed
to pay for the professional services rendered by counsel.

[35]With regard to Parkinson's decision to represent himself
in this case, although he has the right to proceed *pro se*, he
does not have the right to disregard procedures mandated by the
Court.

The foregoing facts could be construed as more than negligent conduct on the part of Plaza Entertainment and Parkinson with regard to the defense of this action.   In fact, the Court agrees WRS that the actions of Parkinson and Plaza Entertainment are indicative of a "lax attitude" toward this litigation.   (Document No. 184, p. 3).   Nevertheless, the Court declines to find that Plaza Entertainment and Parkinson engaged in willful or bad faith conduct with respect to the entry of the multi-million dollar default judgments in light of Attorney Gibson's appearance for these Defendants since February 2004, and the undisputed fact that Attorney Gibson simply ceased representing their interests without notice after the March 9, 2006 settlement conference before Judge Schwab.   However, no further dilatory conduct or disregard of this Court's procedures by Plaza Entertainment or Parkinson will be tolerated.

William L. Standish
United States District Judge

Date: 13 March, 2008

cc:   Eric Parkinson
      1722 N. College Avenue
      C-303
      Fayetteville, AR 72703

      Counsel of Record

42