IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WRS, INC., d/b/a WRS MOTION PICTURE LABORATORIES, a corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>PLAZA ENTERTAINMENT, INC., a corporation, ERIC PARKINSON, CHARLES von BERNUTH and JOHN HERKLOTZ,<br><br>    Defendants. | Civil Action No. 00-2041 |

## **MEMORANDUM**

### I. Introduction

Defendant John Herklotz has filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the judgment entered against him by the Court on February 20, 2007.[1] After consideration, Herklotz's motion for relief under Rule 60(b) will be granted following the remand of his appeal that is pending before the United States Court of Appeals for the Third Circuit.

### II. Background and Procedural History

The extensive factual background and complex procedural history of this case are well-known to the parties involved and

---

[1] When this case was filed in October 2000, it was assigned to this member of the Court. Due to illness, the Honorable Arthur J. Schwab presided over the case from February 2006 to February 29, 2008, when the case was re-assigned to this member of the Court for all further proceedings.

1

have been summarized in several recent Memorandum Opinions, including a Memorandum Opinion filed by this member of the Court on March 13, 2008. *See* Document Nos. 104, 138, 187 and 193. As a result, another summary will not be repeated here.

### III. Applicable Law

Rule 60 of the Federal Rules of Civil Procedure provides in relevant part:

**Rule 60. Relief from a Judgment or Order**

\* \* \*

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion**

> **(1) Timing.** A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

\* \* \*

The general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done. *See* Boughner v. Secretary of Health, Education and Welfare, 572 F.2d 976, 977 (3d Cir.1978).

## IV. Discussion

The claim of plaintiff, WRS, Inc. ("WRS"), against Herklotz in this case was based on a personal guaranty of the obligations of defendant Plaza Entertainment Inc. ("Plaza Entertainment") to WRS which had been executed by Herklotz on May 6, 1998. Cross-motions for summary judgment on the issue of Herklotz's liability to WRS were filed, and, on July 21, 2006, Herklotz's motion was denied and WRS's cross-motion was granted.

Subsequently, WRS moved for summary judgment against Herklotz on the issue of damages. On February 20, 2007, the Court granted WRS's motion for summary judgment and entered judgment in favor of WRS and against Herklotz in the amount of $2,584,749.03.[2] On the same day, the Court entered default judgments in the amount of $2,584,749.03 against Plaza Entertainment and defendants Eric Parkinson ("Parkinson") and Charles von Bernuth ("von Bernuth") based on their failure to participate in the litigation following a settlement conference

---

[2] Herklotz appealed the judgment entered against him to the United States Court of Appeals for the Third Circuit on March 14, 2007.

3

on March 9, 2006.³ At the time, Plaza Entertainment, Parkinson and von Bernuth were represented by the same attorney.

In October 2007, a motion under Rule 60(b)(6) for relief from default judgment was filed on von Bernuth's behalf by new counsel. Similar motions by Plaza Entertainment and Parkinson followed. The Rule 60(b)(6) motions alleged that Plaza Entertainment, Parkinson and von Bernuth were entitled to relief from the default judgments due to the complete failure of their attorney to represent their interests in this litigation following the March 9, 2006 settlement conference.

Subsequently, on March 13, 2008, the Court filed a Memorandum Opinion granting the Rule 60(b)(6) motions for relief from the default judgments. Among other things, the Court concluded that Plaza Entertainment, Parkinson and von Bernuth had presented evidence which established a potentially meritorious defense to at least part of WRS's claim; that is, evidence which, if presented at a trial, could result in a significant reduction in the amount of damages recoverable by WRS based on Plaza Entertainment's outstanding obligations.

On May 6, 2008, Herklotz filed the present motion under Rule 60(b)(2) and (6) seeking relief from the judgment entered against

---

³Like Herklotz, the liability of Parkinson and von Bernuth was premised upon personal guaranties of Plaza Entertainment's obligations to WRS. The personal guaranties of these defendants had been executed on October 12, 1998.

4

him on February 20, 2007. (Document No. 208, pp. 10 and 13). Because his appeal was scheduled to be considered on the merits by the Court of Appeals on June 6, 2008, on May 9, 2008, Herklotz filed a motion to stay the appeal until this Court either denies or indicates its intention to grant his Rule 60(b) motion.[4] By letter dated May 20, 2008, the Clerk of the Court of Appeals notified counsel that the case will be submitted on the briefs on June 6, 2008, and that counsel's presence is not required since there will be no oral argument.[5]

For the following reasons, the Court concludes that Herklotz is not entitled to relief from the February 20, 2007 judgment under Rule 60(b)(2). As to Rule 60(b)(6), however, the Court concludes that relief is warranted with respect to the amount of the judgment entered against Herklotz and the Rule 60(b)(6) motion will be granted to that extent following the remand of his appeal by the Court of Appeals.[6]

---

[4] While an appeal is pending, a district court, without permission of the appellate court, has the power to both entertain and deny a Rule 60(b) motion. If a district court is inclined to grant the motion or intends to grant the motion, such inclination or intent should be certified to the appellate court which can then entertain a motion to remand the case. Once remanded, the district court will have the power to grant the motion, but not before. See Venen v. Sweet, 758 F.2d 117, 123 (3d Cir.1985).

[5] To date, no action has been taken by the Court of Appeals on Herklotz's motion to stay his appeal.

[6] For purposes of clarification, the Court's intent to grant Herklotz's Rule 60(b)(6) motion pertains solely to the amount of

5

A

In his Rule 60(b) motion, Herklotz asserts that he is entitled to relief under Rule 60(b)(2) based on "newly discovered evidence" consisting of the evidence submitted by his co-defendants in support of their Rule 60(b) motions which raises significant issues of fact concerning the amount of Plaza Entertainment's outstanding obligations to WRS. Herklotz maintains that he could not have obtained this evidence prior to entry of the judgment against him in February 2007; that the evidence, when presented at trial, may result in a substantial reduction in the damages recoverable by WRS based on the amount of Plaza Entertainment's outstanding obligations; and that, as a surety, his liability to WRS can be no greater than the amount of Plaza Entertainment's outstanding obligations to WRS. In light of the very real possibility of inconsistent judgments based on the evidence submitted by his co-defendants, Herklotz asserts that the judgment entered against him on February 20, 2007 should be vacated.

In response to Herklotz's motion under Rule 60(b)(2) based on newly discovered evidence, WRS asserts that Herklotz has failed to show that he could not have discovered the evidence

---

damages recoverable by WRS from Herklotz. The Court's intent does not extend to the issue of Herklotz's liability to WRS based on the personal guaranty executed on May 6, 1998, which was determined by summary judgment.

with reasonable diligence. *See* <u>Stridiron v. Stridiron</u>, 698 F.2d 204, 207 (3d Cir.1983). The Court agrees. Conspicuously absent from Herklotz's motion is any representation that he attempted to obtain information from his co-defendants concerning the accuracy of WRS's records of Plaza Entertainment's outstanding obligations but was denied access to such information. Thus, Herklotz is not entitled to relief from the February 20, 2007 judgment under Rule 60(b)(2).

In any event, Rule 60(c) clearly provides that a motion seeking relief from a judgment based on newly discovered evidence under Rule 60(b)(2) must be filed "no more than a year after the entry of the judgment." As noted by WRS, since the judgment from which Herklotz seeks relief was entered on February 20, 2007 and his Rule 60(b) motion was not filed until May 6, 2008, relief under Rule 60(b)(2) is time-barred.

B

Turning to Rule 60(b)(6), this provision of the rule may be invoked only upon a showing of exceptional circumstances. <u>Ackerman v. United States</u>, 340 U.S. 193 (1950). A motion under Rule 60(b)(6) should be granted when "appropriate to accomplish justice." <u>Klapprott v. United States</u>, 335 U.S. 601, 614-15 (1949).[7] A motion under Rule 60(b)(6) must be filed "within a

---

[7]*See also* <u>Matter of Emergency Beacon Corp.</u>, 666 F.2d 754 (2d Cir.1981)(Rule 60(b)(6) providing for relief from final judgment for "any other reasons justifying relief" is properly invoked

7

reasonable time," and what constitutes a reasonable time is to be decided under the circumstances of each case. Delzona Corp. v. Sacks, 265 F.2d 157 (3d Cir.1959).

WRS contends that Herklotz is not entitled to relief under Rule 60(b)(6) because he failed to file his motion within a reasonable time as required. WRS notes that the evidence which disputes WRS's records of Plaza Entertainment's outstanding obligations was initially made a matter of record on June 5, 2007, when a letter to the Court from Parkinson was docketed. Yet, despite awareness of the evidence, Herklotz did not file his Rule 60(b) motion until May 6, 2008.

Although a motion under Rule 60(b)(6) could have been filed before May 6, 2008, the Court declines to find that Herklotz's Rule 60(b)(6) motion was not filed within a reasonable time. Between June 5, 2007, when Parkinson's letter to the Court was docketed, and May 6, 2008, when Herklotz filed his motion seeking

---

when there are extraordinary circumstances or where the judgment may work an extreme and undue hardship); Quevedo v. Postmaster, U.S. Postal Service, 774 F.Supp.837 (S.D.N.Y.1991) (Rule giving district court broad discretion to relieve party from final judgment for any reason justifying relief is properly invoked if there are extraordinary circumstances or if the judgment may work extreme and undue hardship, and rule should be liberally construed whenever substantial justice will thus be served); Bell Telephone Laboratories, Inc. v. Hughes Aircraft Co., 73 F.R.D. 16 (D.C.Del.1976)(Rule 60(b)(6) gives court leeway to grant relief in cases of extreme hardship where relief would not be available under any of the other grounds provided by Rule 60(b)).

8

relief under Rule 60(b)(6), Herklotz's counsel was engaged in the following activity:

(a) on June 26, 2007, a briefing schedule was issued by the Court of Appeals pursuant to which Herklotz's appellate brief and appendix were due by August 6, 2007;

(b) on July 30, 2007, Herklotz moved for an extension of time in which to file his appellate brief and appendix which was granted;

(c) on September 6, 2007, Herklotz filed his appellate brief and appendix;

(d) an issue arose regarding the finality of the February 20, 2007 judgment against Herklotz (and, therefore, its appealability), which resulted in the filing of a motion by WRS in this Court on November 2, 2007, seeking *nunc pro tunc* certification of the judgment under Fed.R.Civ.P. 54(b), and an order directing Herklotz to file a response to the motion by November 26, 2007;

(e) on November 9, 2007, WRS filed a motion in this Court for supplemental relief in aid of execution of its judgment against Herklotz;

(f) on November 23, 2007, Herklotz filed a reply brief in his appeal;

(g) on November 30, 2007, counsel for WRS and Herklotz filed a stipulation in connection with WRS's motion for supplemental relief in aid of execution of its judgment against Herklotz;

(h) on December 10, 2007, Herklotz filed a motion for leave to file a supplemental appellate appendix;

(i) on January 8, 2008, WRS's motion for *nunc pro tunc* certification of the judgment against Herklotz as final under Fed.R.Civ.P. 54(b) was granted, and, by separate order, final judgment was entered against Herklotz;

(j) on January 15, 2008, Herklotz filed a response in this Court to WRS's motion for supplemental relief in aid of execution of its judgment against him;

(k) counsel for WRS and Herklotz were directed to attend a conference on February 14, 2008 to discuss WRS's pending motion for supplemental relief in aid of execution of its judgment against Herklotz after which counsel engaged in extensive negotiations in an attempt to reach an agreement, filing joint status reports with the Court on February 18, 2008, February 19, 2008 and February 19, 2008;

(l) on March 13, 2008, the Rule 60(b) motions of Plaza Entertainment, Parkinson and von Bernuth for relief from the default judgments were granted;

(m) on March 3, 2008, in response to an issue that arose concerning Herklotz's notice of appeal, he filed a motion in the

10

Court of Appeals to treat his notice of appeal as applicable to the final judgment entered on February 8, 2008;

(n) on March 27, 2008, in connection with the issue that arose regarding his notice of appeal, Herklotz filed a motion in this Court seeking *nunc pro tunc* certification that entry of the judgment on February 8, 2008 was effective as of the date of the original judgment on February 20, 2007;

(o) on March 31, 2008, Herklotz filed a brief in the Court of Appeals in support of the motion to treat his notice of appeal as applicable to the final judgment entered on February 8, 2008;

(p)  on April 15, 2008, counsel for all parties attended a case management conference before this member of the Court;

(q) on April 21, 2008, counsel for WRS and Herklotz filed a stipulation, which included several lengthy proposed orders, that resolved WRS's motion for supplemental relief in aid of execution of its judgment against Herklotz; and

(r) on May 6, 2008, Herklotz filed his motion for relief from the February 20, 2007 judgment under Rule 60(b).

Simply put, in light of the numerous procedural complexities that have arisen in this case and the multitude of activities undertaken by Herklotz's counsel in both this Court and the Court of Appeals during the relevant time period, eleven months was not an unreasonable period of time within which to file a Rule 60(b) motion.

11

As to the appropriateness of granting relief to Herklotz under Rule 60(b)(6), as a surety for Plaza Entertainment, Herklotz's liability to WRS cannot be greater than the amount of Plaza Entertainment's obligations to WRS (or the liability of Parkinson and von Bernuth who also executed personal guaranties of Plaza Entertainment's obligations to WRS). However, based on the evidence submitted by Plaza Entertainment, Parkinson and von Bernuth in support of their Rule 60(b) motions which raises serious questions concerning the amount of Plaza Entertainment's obligations to WRS, there is a substantial likelihood that the judgments ultimately entered against Plaza Entertainment, Parkinson and von Bernuth following a trial will be less than the $2,584,749.03 judgment entered against Herklotz. Such a result would be an obvious injustice.

The Court further concludes that the judgment against Herklotz presents an extreme hardship in light of the amount of the judgment, and that this case presents exceptional circumstances due to the very real possibility of inconsistent judgments. Under the circumstances, Herklotz's Rule 60(b)(6) motion will be granted upon the remand of his appeal and the case will be scheduled for trial.

                                          *William L. Standish*
                                          William L. Standish
                                          United States District Judge

Date: *5 June 2008*